1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   MARIE CONFORTO,                    )   Case No. 12cv1316-W (BLM)
                                        )
12              Plaintiffs,             )   **ORDER GRANTING DEFENDANT'S**
                                        )   **MOTION TO COMPEL THE**
13   v.                                 )   **INDEPENDENT PSYCHIATRIC**
                                        )   **EXAMINATION OF PLAINTIFF**
14   RAYMOND E. MABUS AND DEPARTMENT    )
     OF THE NAVY,                       )   **[ECF NO. 24]**
15                                      )
                Defendants.             )
16   ─────────────────────────────     )

17       Currently before the Court is Defendant's June 23, 2014 Motion to Compel the

18   Independent Psychiatric Examination of Plaintiff [ECF No. 24-1 ("MTC")], Plaintiff's June 27,

19   2014 opposition [ECF No. 25 ("Oppo.")], and Defendant's July 1, 2014 Reply [ECF No. 26

20   ("Reply")].  For the reasons set forth below, Defendant's motion is **GRANTED**.

21                                 **BACKGROUND**

22       The above-entitled matter was initiated on June 1, 2012 when Plaintiff filed a

23   complaint for gender and age discrimination and retaliation.  ECF No. 1.  Defendant filed

24   a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure

25   ("FRCP") 12(b)(1) and 12(b)(6) on October 19, 2012 [ECF No. 6] which was withdrawn on

26   May 31, 2013.  ECF Nos. 12 and 13.  On November 26, 2013, Defendant answered the

27   complaint [ECF No. 14] and the Court held an Early Neutral Evaluation Conference on

28   December 20, 2013 [ECF No. 17].  After a January 27, 2014 telephonic Case Management

1    Conference, the Court issued a Case Management Conference Order Regulating Discovery
2    and Other Pretrial Proceedings.  ECF No. 20.

3       On June 19, 2014, the parties jointly contacted the Court regarding a discovery
4    dispute brought by Defendant concerning Plaintiff's objections to Defendants' request for
5    an Independent Psychiatric Evaluation of Plaintiff.  ECF No. 23.  After the call, the Court
6    issued a briefing schedule [id.] and the parties filed their pleadings in accordance with it.
7    See MTC, Oppo., and Reply.

8                       **LEGAL STANDARD**

9       FRCP 35(a) allows the Court to order a party "to submit to a physical or mental
10    examination by a suitably licensed or certified examiner" when that party's mental or
11    physical condition is in controversy.  FRCP 35(a).  The order "(A) may be made only on
12    motion for good cause and on notice to all parties and the person to be examined; and (B)
13    must specify the time, place, manner, conditions, and scope of the examination, as well as
14    the person or persons who will perform it."  Id.

15                       **DISCUSSION**

16       Defendant argues that because Plaintiff has "alleged a whole host of emotional
17    distress related damages against the Navy," is seeking monetary damages for emotional
18    distress, and has "designated three health care providers to opine on the toll her
19    supervisors' alleged improper conduct has taken on her mental state and emotional
20    condition," its retained expert, Dr. Alan Abrams, M.D., J.D., FCLM, should be permitted to
21    conduct an Independent Psychiatric Examination ("IPE") of Plaintiff.  MTC at 2; ECF No. 24-
22    2, Declaration of Dianne Schweiner ("Schweiner Decl.").

23       Plaintiff argues that Defendant's motion should be denied as the request is overbroad
24    and untimely.  Oppo. at 1-2.  In addition, Plaintiff contends that Defendant has failed to
25    show there is good cause for an IPE and that since Plaintiff's claims of emotional distress
26    are "garden variety[,]" there is no evidence that her mental state is actually "in
27    controversy."  Id. at 6-7.  Counsel notes that the Notice requires Plaintiff to travel from her
28    residence in Idaho to Southern California.  Id. at 8.  Finally, Plaintiff contends that the

12CV1316-W(BLM)

1  motion should be denied because Defendant did not make a good faith effort to secure the

2  IPE by stipulation and because Dr. Abrams has already submitted his report and the only

3  purpose of the examination would be to support an opinion that he has already provided

4  or to change it all together "render[ing] illusory the report that was due on June 13, 2014."

5  Id. at 9.  Plaintiff requests that if the Court does grant the motion, her counsel be permitted

6  to attend the IPE and the order be narrowly tailored and include

7
8
9  > (1) the clinical name of each test to be conducted; (2) the amount of time required for each test; (3) the clinical purpose and basis for each test; (4) the specific subject parameters of the oral examination and the time that will be required to complete the oral portion of the examination; (5) whether the examination will be recorded; and (6) the clinical nature of all paper and pencil tests.

10

11  Id. at 8.

12  Defendant replies that it is "disingenuous" for Plaintiff to allege that Defendant's

13  conduct caused her anxiety, depression, elevated blood pressure, and a general

14  deterioration of Plaintiff's health, and then claim that those conditions "merely constitute

15  'garden variety' emotional distress."  Reply at 2.  Defendant argues that its expert should

16  have the same opportunity that Plaintiff's experts were given to examine Plaintiff and

17  determine if any causation exists.  Id.  Defendant notes that its request is not overbroad

18  and that since Plaintiff chose to file her complaint in the Southern District of California, she

19  cannot avoid an IPE simply because she chose to move to Idaho.  Id. at 3.  Defendant

20  further argues that since Plaintiff will be in San Diego on July 22, 2014 for her deposition,

21  requiring Plaintiff to attend an IPE on July 21, 2014 would not require any additional travel

22  by Plaintiff.  Id.  Defendant highlights the fact that the scope of the IPE as outlined in the

23  Notice is standard and that Plaintiff's counsel has failed to show "special circumstances"

24  necessary for the court to issue an order permitting counsel to attend to IPE or to have the

25  IPE recorded.  Id. at 3-5.  Finally, Defendant argues that its request for an IPE was timely

26  and that defense counsel "has exhausted her efforts to obtain this IPE by stipulation."  Id.

27  at 6-7.

28  ///

12CV1316-W(BLM)

**I.    "In Controversy" and "Good Cause"**

Here, Plaintiff's mental condition is in controversy and there is good cause for Plaintiff to be examined.  "Although the Ninth Circuit has not addressed the 'in controversy' requirement, a court in this district announced a test in <u>Turner v. Imperial Stores</u>, 161 F.R.D. 90 (S.D.Cal. Apr. 7, 1995), that has been regularly applied by district courts." <u>Nguyen v. Qualcomm Inc.</u>, 2013 WL 3353840, *3 (S.D. Cal. July 3, 2013) (citing <u>Montez v. Stericycle, Inc.</u>, 2013 WL 2150025, at *3 (E.D. Cal. May 16, 2013); <u>Tamburri v. SunTrust Morg. Inc.</u>, 2013 WL 942499, at *3 (N.D. Cal. Mar.11, 2013); <u>Sanders v. Holdings</u>, 2012 WL 2001967, at *2 (S.D. Cal. June 4, 2012); <u>Hongwei Zhang v. United Technologies Corp.</u>, 2011 WL 3890262, at *1 (S.D.Cal. Sept. 2, 2011)).  According to <u>Turner</u>, courts will order IPEs where a plaintiff alleges emotional distress and one or more of the following is present:

> 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a)

<u>Turner</u>, 161 F.R.D. at 95.

In assessing whether "good cause" exists, courts have considered "the possibility of obtaining desired information by other means, whether plaintiff plans to prove her claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress." <u>Juarez v. Autozone Stores, Inc.</u>, 2011 WL 1532070, *1 (S.D. Cal. April 21, 2011) (quoting <u>Impey v. Office Depot, Inc.</u>, 2010 WL 2985071, at *21 (N .D. Cal. July 27, 2010) (citation omitted)).  Regardless of the results of the good cause inquiry, a court has discretion to determine whether to order an examination.  <u>Nguyen</u>, 2013 WL 3353840 at *4 (citing <u>Williams v. Troehler</u>, 2010 WL 121104, at *4 (E.D. Cal. Jan.7, 2010) ("even if good cause is shown, it is still within the court's discretion to determine whether to order an examination."); <u>Kob v. County of Marin</u>, 2009 WL 3706820, at *3 (N.D. Cal. Nov.3, 2009) (since the defendant failed to show good

1   cause, "it remained within the court's discretion whether to grant the Rule 35(a) order.");

2   and Hodges v. Keane, 145 F.R.D. 332, 334 (S.D. N.Y. Jan.6, 1993) (since defendant does

3   not allege ongoing suffering, "a Rule 35(a) order lies soundly within the court's

4   discretion.")).

5          Plaintiff has not alleged a cause of action for intentional or negligent infliction of

6   emotional distress or conceded that her mental state is in controversy, but she has alleged

7   that Defendants' activity caused her to suffer "anxiety, panic attacks, depression, stress,

8   daily crying spells, sleeplessness, increased or decreased appetite causing fluctuations in

9   her weight, elevated blood pressure that included an increase in her blood pressure

10  medication, and general overall deterioration of her health."  ECF No. 1 at 4.  Additionally,

11  Plaintiff has designated three non-retained experts to testify as to her mental state.

12  Schweiner Decl. at Exh. B.  The Court finds that this is sufficient to show that Plaintiff's

13  mental health is in controversy for purposes of FRCP 35.  The Court also finds that the

14  motion is made for good cause as the desired information is relevant, Plaintiff has

15  designated three experts to discuss her mental health, Plaintiff is claiming ongoing

16  emotional distress, and there is no other way for Defendant to obtain the necessary

17  information. See Juarez, 2011 WL 1532070 at *1; see also ECF No. 1 at 6-9 ("Plaintiff has

18  suffered and continues to suffer . . . . embarrassment, humiliation and mental anguish").

19  **II.    Securing the IPE by Stipulation/Timeliness**

20         The Court rejects Plaintiff's argument that Defendant's motion should be dismissed

21  for failing to put forth a good faith effort to secure the IPE through stipulation.  The parties

22  met and conferred on the issue in person and participated in a telephonic conference call

23  with the Court.  Schweiner Decl.; see also ECF No. 23.  Despite these efforts, the parties

24  were unable to reach an agreement.  The fact that the formal request for the IPE was made

25  the day before expert reports were due does not change the Court's position as Plaintiff was

26  aware of the potential request for an IPE as early as January 2014, when Defendant

27  included it in the parties' joint discovery plan.  Joint Discovery Plan at 3.  Defendant's

28  request is not untimely.

### III.   IPE Location

Plaintiff filed this case in San Diego and her decision to move to Idaho does not "relieve [Plaintiff] of her duties to participate in discovery in this forum."  Reply at 3; see also McDonald v. Southworth, 2008 WL 2705557, *6 (S.D. Ind. July 10, 2008)(stating that "[t]he general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum.  In the case of a physical examination, this rule ensures that the examining doctor is available as a witness at trial")(quoting Levick v. Steiner Transocean Ltd., 228 F.R.D. 671, 672 (S.D. Fla. 2005)); see also Ornelas v. Southern Tire Mart, LLC, 292 F.R.D. 388, 399-400 (S.D. Tex. 2013).  The burden is on Plaintiff to show that "traveling to the examination poses undue burden or hardship." McDonald, 2008 WL 2705557 at *6.  Plaintiff makes no effort to prove that the travel is unduly burdensome.  See Oppo. at 8.  Moreover, Defendant apparently has noticed Plaintiff's deposition for July 22, 2014 in San Diego which means that Plaintiff already will be traveling to San Diego.  Reply at 3.  The additional day in San Diego does not create an undue burden or hardship.  Id.

### IV.   Scope of the IPE Notice

The IPE Notice states:

> The date and time for the examination shall be Monday, July 21, 2014, commencing at 9:00 a.m., and continuing up to four hours of clinical interview plus two hours for psychological testing (excluding breaks and lunch) as reasonably required.  The scope of the examination will entail an assessment of the nature and extent of Plaintiff's claimed emotional distress and/or psychological/psychiatric injuries, and specifically including an oral interview, a comprehensive history of the Plaintiffs psychological development, and psychological testing such as the Minnesota Multiphasic Personality Inventory (MMPI). Dr. Abrams also reserves the right to administer any other types of testing that Plaintiffs non-retained treating physicians or retained experts may administer to the Plaintiff.

Schweiner Decl. at Exh. H.

Plaintiff requests that if the Court grants Defendant's motion, the order require a more adequate description of the IPE including:

> (1) the clinical name of each test to be conducted; (2) the amount of time required for each test; (3) the clinical purpose and basis for each test; (4) the specific subject parameters of the oral examination and the time that will be

1   required to complete the oral portion of the examination; (5) whether the
2   examination will be recorded; and (6) the clinical nature of all paper and
    pencil tests.

3   Oppo. at 8.  The Court finds the Notice to be sufficient.  Defendant is not required to spell

4   out the name of every test to be conducted, specify how long each individual test will take,

5   the clinical purpose and basis for each test, the subject parameters of the oral examination,

6   or the clinical nature of all paper and pencil tests.  The examination will not be recorded.

7   Nguyen, 2013 WL 3353840 at *9 (stating that "third parties -whether human or electronic-

8   cannot sit in on physical and mental examinations under FRCP 35").

9   **V.     Counsel's Attendance at the IPE/ Recording the IPE**

10          Finally, Plaintiff's counsel's request to attend and/or record the IPE is **DENIED**.

11  "Federal courts have determined that third parties -whether human or electronic- cannot

12  sit in on physical and mental examinations under FRCP 35 unless special circumstances

13  require it."  Nguyen, 2013 WL 3353840 at *9 (quoting Stefan v. Trinity Trucking, LLC, 275

14  F.R.D. 248, 250 (N.D. Ohio, July 12, 2011) and (citing Hertenstein v. Kimberly Home Health

15  Care, Inc., 189 F.R.D. 620, 629 (D. Kan. June 14, 1999) (finding that plaintiff did not

16  establish good cause to overcome general rule that counsel has no right to be present

17  during a mental or physical examination); Ragge v. MCA/Universal Studios, 165 F.R.D. 605,

18  609–10 (C.D. Cal. 1995) (disallowing a third party observer per plaintiff's request due to

19  "the potential for a third party observer to interfere with, or even contaminate, a mental

20  examination.")).  Here, Plaintiff's counsel has failed to demonstrate that there are special

21  circumstances sufficient to break the general rule against third party attendees at IPEs.

22  Instead, Plaintiff merely states that counsel should be present "to prevent unduly

23  burdensome and probative questioning, and to prevent questioning on the substantive

24  merits of the case."  Oppo. at 8.  Plaintiff's counsel's desire to prevent questions that he

25  feels are unduly burdensome or probative does not constitute a "special circumstance."

26          For all of the reasons explained above, Plaintiff's motion to compel and IPE of

27  Plaintiff is **GRANTED**.

28  ///

**CONCLUSION**

Plaintiff Marie Conforto is **ORDERED** to submit to an mental examination on **July 21, 2014** at **9:00 a.m.** at **3551 Front Street, San Diego, California 92103**.  The examination will involve "up to four hours of clinical interview plus two hours for psychological testing (excluding breaks and lunch)."  Schweiner Decl. at Exh. H.  The scope of the examination "will entail an assessment of the nature and extent of Plaintiff's claimed emotional distress and/or psychological/psychiatric injuries, and specifically including an oral interview, a comprehensive history of the Plaintiff's psychological development, and psychological testing such as the Minnesota Multiphasic Personality Inventory (MMPI)" and "any other types of testing that Plaintiffs non-retained treating physicians or retained experts may administer to the Plaintiff."  Id.  The examination will be performed by Alan Abrams, M.D., J.D., FCLM, a board certified psychiatrist.  Plaintiff's counsel is **not** permitted to attend the IPE and the IPE is **not** to be recorded.

**IT IS SO ORDERED**.


DATED:  July 10, 2014

BARBARA L. MAJOR
United States Magistrate Judge

12CV1316-W(BLM)